IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Progressive Northern Insurance Co. | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 5:26-cv-459-JDA |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **DECLARATORY RELIEF** |
| | ) | |
| David M. Judy, Cathy Judy, Bernard L. Walker, Gerod Travis Shaw, T. Shaw Enterprise, LLC, and Infinity Faith & Family Logging, LLC | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Progressive Northern Insurance Co., by and through its undersigned attorneys, complaining of the Defendants herein, seeks a declaratory judgment from this Honorable Court as set forth below.

**PARTIES AND JURISDICTION**

1. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure, Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

2. Progressive Northern Insurance Co. ("Progressive") is a corporation organized under the laws of the State of Wisconsin with its principal place of business in the State of Ohio.

3. Defendant David M. Judy ("David Judy") is a citizen and resident of the State of South Carolina.

4. Defendant Cathy Judy ("Cathy Judy") is a citizen and resident of the State of South Carolina.

1

5767913.1

5. Defendant Gerod Travis Shaw ("Shaw") is a citizen and resident of the State of South Carolina.

6. Defendant T. Shaw Enterprise, LLC ("Enterprise") is a limited liability company organized and existing under the laws of the state of South Carolina with its principal place of business in South Carolina.

7. The sole member of Enterprise is Gerod Travis Shaw, and accordingly, Enterprise is deemed a resident of the State of South Carolina.

8. Defendant Infinity Faith & Family Logging, LLC ("Infinity") is a company organized and existing under the laws of the State of South Carolina with its principal place of business in South Carolina.

9. The sole member of Infinity is Gerod Travis Shaw, and accordingly, Infinity is deemed a resident of the State of South Carolina.

10. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because the Accident giving rise to this action and the related underlying lawsuit occurred in Orangeburg County, South Carolina. Venue is further proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because defendants David Judy and Cathy Judy are citizens and residents of Orangeburg County, South Carolina and all defendants are residents of the State of South Carolina.

**FACTUAL BACKGROUND**

12. On or about September 9, 2020, Walker was driving a 1995 KW T80 (VIN 1XKDDR9XXSJ651843) (hereinafter "the Subject Vehicle") on Highway 33 in Orangeburg

2

5767913.1

County, South Carolina when he was involved in a motor vehicle accident with a 2010 Kenworth T800 vehicle being operated by defendant David Judy in which defendant Cathy Judy was an occupant (the "Accident").

13.     David Judy and Cathy Judy allege personal injuries and property damage in connection with the Accident.

14.     At the time of the Accident, Progressive had in place a commercial auto liability policy, Policy No. 01290626, issued in the name of Bernard L. Walker, with effective dates of October 28, 2019 through October 28, 2020, and liability limits of $1,000,000 combined single limit (the "Policy").

15.     A true and accurate copy of the Policy with premiums redacted is attached hereto as **Exhibit A**.

16.     The Policy provides, in relevant part, as follows:

**DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS**

For coverage to apply under this policy, **you** or the person seeking coverage must promptly report each accident or loss even if you or the person seeking coverage is not at fault.  Refer to your policy documents for the claims phone number.

\* \* \*

A person seeking coverage must:
1. Cooperate with **us** in any matter concerning a claim or lawsuit;
2. Provide any written proof of loss **we** may reasonably require;
   \* \* \*
4. Promptly call **us** to notify **us** about any claim or lawsuit and send **us** any and all legal papers relating to any claim or lawsuit;
5. Attend hearings and trials as **we** require;
   \* \* \*

17.     Following the Accident, a claim was filed with Progressive on behalf of David Judy and Cathy Judy under the Policy in connection with the Accident.

3

5767913.1

18. On February 22, 2023, David Judy filed a lawsuit against Walker, Shaw, Enterprise, and Infinity in connection with the Accident and his alleged injuries and damages in the Court of Common Pleas, Orangeburg County, C.A. No. 2023-CP-38-00286 (the "Underlying David Judy Lawsuit").

19. On February 22, 2023, Cathy Judy filed a lawsuit against Walker, Shaw, Enterprise, and Infinity in connection with the Accident and her alleged injuries and damages in the Court of Common Pleas, Orangeburg County, C.A. No. 2023-CP-38-00287 (the "Underlying Cathy Judy Lawsuit").

20. On October 27, 2025, the Underlying Cathy Judy Lawsuit and Underlying David Judy Lawsuit were consolidated by consent order into one case under the caption C.A. No. 2023-CP-38-00286 (hereinafter the "Underlying Lawsuit")

21. Walker, Shaw, and Enterprise, with the assistance of counsel retained by Progressive, filed their Answer to the Underlying Lawsuit on March 22, 2023.

22. After serving Walker, Shaw, and Enterprise with a Rule 11 letter, Judy filed a Motion to Compel in the David Judy Underlying Lawsuit, prior to its consolidation with the Underlying Cathy Judy Lawsuit, on July 22, 2024.

23. On July 24, 2024, counsel for Walker, Shaw, and Enterprise responded to David Judy's discovery requests, but David Judy claimed the responses were incomplete and filed a Motion to Compel.

24. Prior to the disposition of the Motion to Compel in the David Judy Underlying Lawsuit, on September 18, 2024, counsel for Judy and Walker, Shaw, and Enterprise entered into a consent order by which Walker, Shaw, and Enterprise agreed to produce supplemental discovery within 30 days. A copy of this order is attached hereto as **Exhibit B**.

25. Walker, Shaw, and Enterprise thereafter ceased communication with their counsel and Progressive in connection with the Underlying Lawsuit.

26. On September 11, 2024, Progressive issued a reservation of rights letter to Walker, informing him that it would continue to defend Walker pursuant to a reservation of rights to deny coverage as a result of his breach of the non-cooperation provisions of the Policy.

27. On December 12, 2024, Progressive issued an updated reservation of rights letter to Walker, updating Walker on the status of the Motion to Compel and informing him that it would continue to defend Walker pursuant to a reservation of rights to deny coverage as a result of his breach of the non-cooperation provisions of the Policy.

28. On February 7, 2025, Progressive forwarded the updated reservation of rights letter to Walker at another mailing address it located for him.

29. On March 6, 2025, Progressive issued a reservation of rights letter to Shaw, Enterprise, and Infinity, informing them that it would continue to defend Shaw, Enterprise, and Infinity pursuant to a reservation of rights to deny coverage as a result of their breach of the notice and/or non-cooperation provisions of the Policy.

30. Progressive thereafter retained counsel for Infinity.

31. Infinity thereafter ceased communication with its counsel and Progressive in connection with the Underlying Lawsuit.

32. Despite the reservation of rights letters, Walker, Shaw, Enterprise, and Infinity have each failed to communicate or cooperate with Progressive and/or defense counsel retained by Progressive to defend Walker, Shaw, Enterprise, and Infinity in connection with the Underlying Lawsuit.

5

33. As a result of the lack of communication from Walker, Shaw, Enterprise, and Infinity, defense counsel hired by Progressive has been unable to further respond to discovery. On January 15, 2025, David Judy filed a Motion for Sanctions in the Underlying David Judy Lawsuit. Judy's motion seeks, among other things, the striking of Walker, Shaw, and Enterprises' pleadings. A copy of this motion is attached as **Exhibit C**.

34. Defendants each have an interest in the outcome of this declaratory judgment action, namely whether the Policy requires Progressive to defend or indemnify any individual or entity in connection with the Lawsuit, and as such are necessary, interested parties pursuant to 28 U.S.C. § 2201.

35. Progressive and the Defendants have an actual, present, adverse, and antagonistic interest in the subject matter described hereinabove.

36. All proper and present antagonistic interests or all parties having any interest in the outcome and adjudication of the present controversy are before the Court by proper process.

37. Progressive is in doubt with respect to its rights under the Policy and, by this Complaint, seeks a declaration of its rights and obligations under the Policy with respect to claims asserted by Judy in the Underlying Lawsuit.

38. Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure, Rule 57, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to give such relief as it deems necessary under the facts and circumstances presently existing.

**FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment as to the Policy)**

39. Progressive restates the foregoing allegations of the Complaint not inconsistent herewith and incorporates the same herein by reference.

5767913.1

40. Progressive was deprived of its right to defend the Underlying Lawsuit as a result of the lack of communication and cooperation from Walker, Shaw, Enterprise, and Infinity resulting in substantial prejudice to Progressive.

41. Because Progressive was deprived of its right to defend the Underlying Lawsuit, which resulted in substantial prejudice to Progressive, Progressive has no ongoing duty to defend Walker, Shaw, Enterprise, and Infinity in connection with the Underlying Lawsuit.

42. Because Progressive was deprived of its right to defend the Underlying Lawsuit, which resulted in substantial prejudice to Progressive, should a judgment be entered against Walker, Shaw, Enterprise, and/or Infinity in connection with the Underlying Lawsuit, the Policy does not afford coverage for said judgment and Progressive shall have no indemnification obligation under the Policy in connection with any such judgment.

43. Alternatively, in the event that the Policy affords any coverage in connection with the Accident and the claims alleged in the Underlying Lawsuit, because Progressive was deprived of its right to defend the Underlying Lawsuit, which resulted in substantial prejudice to Progressive, any indemnification obligation under the Policy with respect to a judgment entered in connection with the Underlying Lawsuit is limited to the minimum limits of $25,000/$50,000/$25,000 or $75,000 CSL under the South Carolina Motor Vehicle Financial Responsibility Act, S.C. Code § 56-9-10 *et seq.* ("SCMVFRA") and the Automobile Reparation Reform Act, S.C. Code § 38-77-10 *et seq*. *See Neumayer v. Philadelphia Indem. Ins. Co.*, 427 S.C. 261, 831 S.E.2d 406 (2019); *Shores v. Weaver*, 315 S.C. 347, 433 S.E.2d 913 (Ct. App. 1993).

44. Because Walker, Shaw, Enterprise, and Infinity each breached the notice and/or cooperation provisions of the Policy, Progressive has no defense, indemnification, or other contractual obligation(s) to Walker, Shaw, Enterprise, and/or Infinity under the Policy with respect

7

to the Underlying Lawsuit, such that Walker, Shaw, Enterprise, and/or Infinity have no legal basis to allege bad faith or breach of the Policy against Progressive. *See Cowan v. v. Allstate Ins. Co.*, 357 S.C. 625, 594 S.E.2d 275 (2004).

45. For each of the foregoing reasons, Progressive is entitled to an Order holding:

   i. Progressive has no duty to defend Walker, Shaw, Enterprise, Infinity, or any other individual or entity in connection with the Underlying Lawsuit;

   ii. Progressive has no contractual obligations to Walker, Shaw, Enterprise, or Infinity under the Policy in connection with the Underlying Lawsuit, and accordingly there is no legal basis for Walker, Shaw, Enterprise, or Infinity to allege breach of contract or bad faith against Progressive; and

   iii. Progressive has no indemnification obligation under the Policy in connection with the claims alleged and/or any judgment entered in connection with the Underlying Lawsuit; or

   iv. Alternatively, Progressive's indemnification obligation under the Policy, if any, in connection with the Underlying Lawsuit and any judgment entered in connection therewith is limited to $25,000/$50,000/$25,000 or $75,000 CSL.

WHEREFORE, Progressive Northern Insurance Co. prays that the Court enter judgment in its favor as set forth hereinabove and for such other and further relief as is just and proper.

Respectfully submitted this 5th day of February 2026.

[SIGNATURE ON FOLLOWING PAGE]

*s/Robert "Rocky" C. Rogers*
Robert "Rocky" C. Rogers (Fed Bar #11655)
Christopher R. Wray (Fed Bar No. #13878)
Moseley Marcinak Law Group LLP
4324 Wade Hampton Blvd., Suite B
Taylors, SC 29687
PO Box 26148
Greenville, South Carolina 29616
(864) 248-6029 (864) 248-6035 (Fax)
Rocky.Rogers@momarlaw.com
Chris.Wray@momarlaw.com
*Attorneys for Plaintiff,*
*Progressive Northern Insurance Co.*
